UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN WILLIAMS, | Case No.  24-cv-07593-VC |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS** |
| LAWRENCE LIVERMORE NATIONAL SECURITY, LLC BENEFITS AND INVESTMENT COMMITTEE, et al., | Re: Dkt. No. 20 |
| Defendants. | |

The motion to dismiss is denied. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

*The Plan's Limitations Period.* LLNS argues that Williams' claim is untimely because the Plan states that a "claimant may not submit a dispute to a court with respect to a denied claim under this plan prior to exhausting the claims and appeal procedure or more than one year after the date the benefit appeals committee renders its final decision upon appeal," and Williams filed his claim after that year elapsed.

As a threshold matter, Williams argues that the Plan's limitations period is unenforceable because ERISA Section 1113 sets out a statute of limitations for breach of fiduciary duty claims. Even though Section 1113 is a default statute of limitations, parties may contract around that default rule as long as the contractual limitations period is "reasonable." *Heimeshoff v. Hartford Life & Accident Insurance Co.*, 571 U.S. 99, 106 (2013); *see also Hewitt v. Western & Southern Financial Group Flexible Benefits Plan*, No. 17-5862, 2018 WL 3064564, at *2 (6th Cir. Apr. 18, 2018). Here, Williams does not contend that the Plan's limitations period is unreasonable.

Even though the limitations period is enforceable, it does not apply here because it covers

only denial of benefits claims, not breach of fiduciary duty claims. The Plan's section labeled "Claims & Appeal Procedure," in which the limitations period appears, begins by stating that a claimant "may submit a written *claim for benefits* under the Plan to the Plan Administrator or its delegate in accordance with the claims procedure set forth in the Summary Plan Description which is hereby incorporated into and made a part of the Plan." Ex. A, Section 13.05 (emphasis added). The limitations period then states that a "claimant may not submit a dispute to a court *with respect to a denied claim* under this Plan prior to exhausting . . . ." *Id.* (emphasis added). A plain reading of that section strongly suggests that the limitations period applies only to denial of benefits claims.

The Summary Plan Description (SPD)—which is referenced and incorporated into the Plan—confirms this reading. The SPD's "Claims and Appeal Procedures" section defines a "claim" as occurring when a member "either (i) makes an application for a benefit under the Plan, or (ii) disputes a determination by the Plan Administrator . . . of the amount of any benefit or the resolution of any matter affecting a benefit under the Plan." SPD at 23, Dkt. No. 40. In a separate section, the SPD also states, "If you have a claim for benefits which is denied or ignored, in whole or in part, after exhausting the Claims and Appeals procedures described in this SPD, you may file suit in a state or federal court." *Id.* at 22. Neither the Plan nor the SPD reference breach of fiduciary duty claims in relation to the limitations period.

LLNS responds that Williams' breach of fiduciary duty claim still falls within this limitations period provision because it is a "matter affecting a benefit under the Plan." SPD at 23. That is a possible interpretation. But that would at most make the language ambiguous, and any ambiguity in these documents should be construed against LLNS as the drafter. *See* Cal. Civ. Code § 1654. The Plan's contractual limitations period therefore does not cover Williams' breach of fiduciary duty claim.[1]

---

[1] Williams did submit a claim for benefits to the Plan Administrator in accordance with the Plan's Claims and Appeal Procedures in which he raised the argument that LLNS's employees misled him about his disability benefits. However, that fact does not affect the meaning of the Plan's terms, nor does it preclude him from making that same argument in his breach of

*Misrepresentations by a Fiduciary*. LLNS next argues that Williams failed to state a claim because he fails to allege misrepresentations made by a fiduciary. Williams alleges that members of LLNS's HR department advised him about his options for enrolling in disability benefits, and that their advice included misrepresentations and omissions about those how those enrollments would affect his pension. Even though LLNS HR employees are not themselves fiduciaries, their performance of fiduciary functions can be "imputed to the delegating fiduciary," which is LLNS. *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1028 (9th Cir. 2021) (discussing *Sullivan-Mestecky v. Verizon Communications Inc.*, 961 F.3d 91, 104 (2d Cir. 2020)).

Here, the LLNS HR employees were performing a fiduciary function because they were advising Williams about plan benefits. "Conveying information about the likely future of plan benefits" is a "fiduciary act." *Morris v. Aetna Life Insurance Co.*, No. 21-56169, 2023 WL 3773656, at *1 (9th Cir. June 2, 2023) (unpublished op.) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 502 (1996)); *see Bafford*, 994 F.3d at 1028 (agreeing that "individualized consultations" are fiduciary conduct). "Fiduciaries breach their duties if they mislead plan participants or misrepresent the terms or administration of a plan." *Warmenhoven v. NetApp, Inc.*, 13 F.4th 717, 726 (9th Cir. 2021) (quoting *Barker v. American Mobil Power Corp.*, 64 F.3d 1397, 1403 (9th Cir. 1995)). Williams has therefore stated actionable misrepresentations by a fiduciary.

*Reasonable Reliance*. Finally, LLNS argues that Williams failed to allege reasonable reliance on the HR employees' representations. Williams has sufficiently alleged that the Plan's terms are ambiguous and confusing on the issue of how the election of disability benefits affects pension benefits. *See* Plan Sections 2.33, 2.34, 5.01(e). Indeed, Williams alleges that LLNS's HR employees themselves also told Williams they thought the plan language was confusing. *See* Complaint ¶ 28, 30–31.

*    *    *

---

fiduciary duty claim.

An answer is due within 14 days of this order. A case management conference will be scheduled for July 25, 2025.

**IT IS SO ORDERED.**

Dated: July 2, 2025

_____

VINCE CHHABRIA
United States District Judge